UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MERCY AUGUSTINE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:19-cv-0020-ALM-KPJ |
| | § | |
| DALLAS MEDICAL CENTER, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the Report of the United States Magistrate Judge in this action, this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On June 25, 2019, the Report and Recommendation of the Magistrate Judge was entered (the "Report") (s*ee* Dkt. #20) recommending Defendant Dallas Medical Center, LLC's ("Defendant") Motion to Dismiss and Compel Arbitration (the "Motion to Compel") (Dkt. #11) be granted in part and denied in part. *See* Dkt. #20. The Report recommended this case be stayed pending resolution of the arbitration proceeding. *See id*.

Plaintiff Mercy Augustine ("Plaintiff") filed objections to the Report (the "Objections"). *See* Dkt. #21. Defendant filed a response to the Objections (Dkt. #23). The Court has made a *de novo* review of the Objections and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the Objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

## I. BACKGROUND

Plaintiff brings suit for Family Medical Leave Act interference, discrimination, and retaliation. *See* Dkt. #1 at 3–4. Plaintiff was employed by Defendant as a registered nurse. *See* Dkt. #1 at 2. During her employment for Defendant, Plaintiff signed a Mutual Agreement to Arbitrate (the "Arbitration Agreement") on March 23, 2014. *See* Dkt. #13 at 2; Dkt. #11-2 at 6–7. Plaintiff does not dispute that she signed the Arbitration Agreement. *See* Dkt. #13. The signature on behalf of Defendant is by an unidentified individual and is undated. *See* Dkt. #11-2. According to the cover letter attached to the Arbitration Agreement, signed by Defendant's CEO, "all employees" were required to sign the Arbitration Agreement as a condition of employment. *See id.* at 2. Plaintiff was terminated on December 14, 2018, after refusing to sign a new arbitration agreement. *See* Dkt. #1 at 4.

Defendant filed the Motion to Compel, requesting this case be dismissed in favor of arbitration (Dkt. #11). In response, Plaintiff argued she should not be required to arbitrate her claims against Defendant. *See generally* Dkt. #13. The Report found the Arbitration Agreement to be enforceable and recommended this matter be stayed pending arbitration.[1] *See* Dkt. #20.

## II. DISCUSSION

Plaintiff filed Objections to the Report, arguing the Report erred because: (1) Plaintiff is entitled to a jury trial on the issue of Defendant's signature; (2) Defendant may not have directed the making of a signature on its behalf; (3) Defendant introduced no evidence of adoption of the signature and, even if it had, the agreement lacked mutuality; (4) the date of Defendant's signature was a material fact; (5) the Arbitration Agreement was illusory and

---

[1] The parties do not dispute that Plaintiff's claims are covered by the terms of the Arbitration Agreement if it is found to be enforceable. *See* Dkt. #11 at 6; Dkt. #13 (Plaintiff fails to controvert Defendant's argument that Plaintiff's claims fall within the scope of the Arbitration Agreement).

2

lacked mutuality; and (6) entering an Arbitration Agreement is not a routine corporate matter, and therefore the Arbitration Agreement may be void. *See* Dkt. #21. These are identical issues to those briefed by the parties in the Motion to Compel and responsive briefing, and were addressed by the Magistrate Judge in the Report (Dkt. #20).

**Right to Jury Trial**

Pursuant to the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1, *et seq.*, written arbitration provisions "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA provides that a party seeking to enforce an arbitration provision may petition the court for "an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id.* § 4.

"[A] party contesting the 'making' of [an] arbitration agreement must 'make at least some showing that under prevailing law, he would be relieved of his contractual obligations to arbitrate if his allegations proved to be true and produce some evidence to substantiate his factual allegations.'" *Am. Heritage Life Ins. Co. v. Orr*, 294 F.3d 702, 710 (5th Cir. 2002) (internal quotations omitted); *see also Trammell v. AccentCare, Inc.*, 2019 WL 2417408 (5th Cir. June 7, 2019). Thus, as the party contesting the making and validity of the Arbitration Agreement, it is Plaintiff's burden to demonstrate both prevailing law supporting her contentions and some evidence to substantiate her factual allegations. *See id*.

As more fully addressed in the Report regarding each of Plaintiff's theories below, Plaintiff has not submitted any evidence to substantiate her assertion that the Arbitration Agreement is not valid and enforceable. In *American Heritage*, the Fifth Circuit addressed the sufficiency of evidence presented in support of a demand for trial under 9 U.S.C. § 4. *Am.*

*Heritage*, 294 F.3d at 710. *American Heritage* held that self-serving affidavits were insufficient evidence do not amount to the type of evidence required to call the "making" of an arbitration agreement into question. *Id*. (citing *Bhatia v. Johnston*, 818 F.2d 418, 421–22 (5th Cir. 1987)).

In this case, Plaintiff submits no evidence to support her argument attacking the making of the Arbitration Agreement. Accordingly, Plaintiff's objection to the recommendation she be denied a jury trial on the making of the Arbitration Agreement is **OVERRULED**.

**Signature of Defendant**

Plaintiff argues the Report erred when the signature on the line reserved for Defendant to represent Defendant's signature because: (1) the signatory authority could not be delegated as this was not a routine matter; (2) Defendant may not have directed the making of a signature on its behalf; and (3) Defendant introduced no evidence it adopted the signature. *See* Dkt. #21.

First, Plaintiff has introduced no evidence or case law supporting a finding that the signing of an arbitration agreement is anything but routine, and therefore, has failed to support her assertion that the task cannot be delegated by the Board of Directors. None of the cases relied on by Plaintiff describe either an arbitration agreement or a contract entered between a company and all of its employees. *See* Dkt. #21 at 4 (citing *Autogas Acquisitions Corp. v. Kelman*, 386 S.W.3d 355 (Tex. App.—Dallas 2012, no writ); *Capital Bank v. Am. Eyewear, Inc.*, 597 S.W.2d 17 (Tex. App.—Dallas 1980, no writ); *Templeton v. Nocona Hills Owners Ass'n*, 555 S.W.2d 534 (Tex. Civ. App.—Texarkana 1977, no writ)).

Second, the record is clear that Defendant adopts the signature made on its behalf. *See* Dkt. #16 at 2; Dkt. #23 at 4 ("[Defendant] has demonstrated its intent to accept, be bound by, and enforce the Agreement."). Plaintiff's theory that the signature was not signed by or on behalf of Defendant is unsupported conjecture, of the type of "hollow, bald assertions" which

the Fifth Circuit found insufficient to put the making of the Arbitration Agreement in issue. *See Am. Heritage*, 294 F.3d at 710. Accordingly, the Court finds no error in the Report's findings and this objection is **OVERRULED**.

**Date of Signature**

Plaintiff argues the Magistrate Judge erred because the date of Defendant's signature was a material term, and, accordingly, in the absence of a material term the Arbitration Agreement is not binding. *See* Dkt. #21. As the party challenging the making of the arbitration agreement on this term, Plaintiff bears the burden to establish the date of signature was a material term to formation of the contract. *See Tramell*, 2019 WL 2417408, at *2. The Court finds no error in the Magistrate Judge's conclusion that "the Arbitration does not include any obligation which is triggered by the date of execution," and accordingly, the date the Arbitration Agreement was signed "was not a material term of the contract." *See* Dkt. 20 at 6. Accordingly, this objection is **OVERRULED**.

**Mutuality and Date of Defendant's Signature**

Plaintiff argues the Magistrate Judge erred because Defendant may not have signed the Arbitration Agreement until after suit was filed, and therefore the Arbitration Agreement may have lacked mutuality. *See* Dkt. #21 at 6. Plaintiff argues if the Arbitration Agreement was unsigned, or adopted only upon filing the Motion to Compel, Defendant retained a unilateral right to terminate the Arbitration Agreement. *See id*. As addressed above, this argument is purely speculative. Plaintiff ignores the Report's finding that the signature of Defendant would have bound both parties. *See* Dkt. #20 at 7. Accordingly, the Court finds no error in the Magistrate Judge's determination and this objection is **OVERRULED**.

### III. <u>CONCLUSION</u>

Upon review, the Objections (Dkt. #21) are **OVERRULED**.

Defendant's Motion to Dismiss and Compel Arbitration (Dkt. #11) is hereby **GRANTED IN PART** and **DENIED IN PART**.

Defendant's request to dismiss this matter is **DENIED** and this matter is hereby **STAYED** pending resolution of the arbitration proceeding.

**IT IS SO ORDERED**.

SIGNED this 21st day of August, 2019.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE